UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDRANEEL ROY,<br><br>        Plaintiff,<br><br>    v.<br><br>X1 INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03027-EMC   (TSH)<br><br>**DISCOVERY ORDER RE MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 44 |

## I.   INTRODUCTION

This dispute arises out of a Rule 45 subpoena Plaintiff Indraneel Roy issued to X1 Inc. in Plaintiff's case against Equifax. Pending before the Court is X1's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action, or in the alternative for a Protective Order. ECF No. 44. Plaintiff filed an Opposition (ECF No. 51) and X1 filed a Reply (ECF No. 52). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** the motion for the following reasons.

## II.   BACKGROUND

In June 2023, Plaintiff Indraneel Roy initiated this lawsuit in this Court against X1 Inc. and Equifax Information Services, LLC, alleging causes of action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Fair Credit Billing Act, 15 U.S.C. § 1666-1666J; Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.; Texas Debt Collection Act; and Texas Deceptive

1  Trade Practices Act.  Compl. at 1, ECF No. 1.

2      X1 filed a motion to compel arbitration on August 2, 2023.  ECF No. 17.  After the case
3  was reassigned to a district judge, X1 filed an amended motion to compel arbitration.  ECF Nos.
4  23, 25.  On August 17, 2023, Plaintiff and X1 filed a stipulation with the Court to stay proceedings
5  against X1 and submit Plaintiff's claims against X1 to arbitration.  ECF No. 26.  The Court
6  approved the stipulation on August 18, 2023.  Stay Order, ECF No. 27.  Under the terms of the
7  Stay Order, Plaintiff and X1 agreed to submit Plaintiff's claims against X1 to arbitration to be
8  administered by the American Arbitration Association ("AAA") and to use AAA arbitration rules.
9  *Id.* ¶¶ 1–2.

10      On October 16, 2023, Plaintiff submitted an amended demand for arbitration to AAA.
11  Decl. of Mariel Gerlt-Ferraro ¶ 6, ECF No. 44-1, & Ex. 1 to Ferraro Decl.  Plaintiff's arbitration
12  demand names X1 as the sole respondent.  Ex. 1 to Ferraro Decl.  On November 3, AAA
13  confirmed that the filing requirements had been satisfied and informed the parties that AAA's
14  "Consumer Arbitration Rules" would apply to the arbitration.  Ferraro Decl. ¶ 7 & Ex. 2 to Ferraro
15  Decl.  AAA held a preliminary management hearing on February 12, 2024, during which
16  Plaintiff's counsel asked the arbitrator to allow Plaintiff to take at least five depositions of X1
17  witnesses.  Ferraro Decl. ¶¶ 8, 9.  The arbitrator issued a scheduling order following the hearing.
18  Ferraro Decl. ¶ 11 & Ex. 5 to Ferraro Decl ("Arbitration Scheduling Order").  Under the terms of
19  the Arbitration Scheduling Order, each party was allowed to take one deposition not to exceed 3.5
20  hours.  *Id.* at 2.

21      On February 29, 2024, Plaintiff served two subpoenas on X1 pursuant to Rule 45 of the
22  Federal Rules of Civil Procedure: a subpoena to testify at a deposition in a civil action
23  ("Deposition Subpoena"), and a subpoena to produce documents, information, or objects, or to
24  permit inspection of premises in a civil action ("Document Subpoena").  Decl. of Bryant S.
25  Delgadillo ¶ 3, ECF No. 44-2, & Exs. 6 and 7 to Ferraro Decl.

26      In the Deposition Subpoena, Plaintiff seeks to take the deposition testimony of X1 as to the
27  following 19 topics:

28          1. X1 Inc.'s investigation into the claims made by Plaintiff in his

United States District Court
Northern District of California

dispute of the charges on his Account;

2. Any and all information provided in X1 Inc.'s responses to Plaintiff's subpoena served on X1 Inc.;

3. All documents referred to, relied upon, or referenced in participation for the deposition, including, but not limited to: (a) All documents evidencing Plaintiff's Account at issue; (b) All documents relating to X1 Inc.'s communications with Plaintiff; (c) All applications, agreements, contracts, statements or bills relating to Plaintiff's Account[;]

4. All documents produced to Plaintiff by X1 Inc.;

5. Any and all correspondence sent to Plaintiff by X1 Inc.;

6. All documents relating to X1 Inc.'s communications with Equifax;

7. All documents relating to X1 Inc.'s communications with any credit bureau;

8. Any and all correspondence sent to any person regarding Plaintiff;

9. Any and all correspondence, communication, or contact between X1 Inc. and Plaintiff;

10. Any and all correspondence, communication, or contact between X1 Inc. and Equifax;

11. Any and all correspondence, communication, or contact between X1 Inc. and the credit bureaus of credit reporting agencies regarding Plaintiff;

12. All training that X1 Inc. provides or receives, in the area of credit reporting activities;

13. Whether X1 Inc. or any person working on behalf of X1 Inc. electronically records telephone calls by any means with any persons from whom it is collecting debts or alleged debts, and what steps are taken to preserve these recordings;

14. Any and all recordings of Plaintiff;

15. Any and all documents known to X1 Inc., which is related to or contains information about the debt being collected from Plaintiff;

16. Any and all communication, or attempted communication, between the X1 Inc. with Plaintiff, or any other person, which was made in connection with the collection of Plaintiff's debt;

17. Any and all procedures or policies of X1 Inc. related to reporting a consumer's account to a credit reporting agency;

18. Any and all investigations of Plaintiff's credit report disputes;

19. All persons that investigated Plaintiff's disputes.

Ex. 6 to Ferraro Decl. at 5–6, ECF No. 44-1 at 60–61.

On March 8, 2024, X1 served objections to both the Deposition Subpoena and Document Subpoena, and sent a letter to Plaintiff's counsel requesting that the parties meet and confer. Ferraro Decl. ¶ 15 & Exs. 8 and 9 to Ferraro Decl.; Delgadillo Decl. ¶ 5–6. On March 18, counsel for Plaintiff and X1 participated in a meet-and-confer. Delgadillo Decl. ¶ 8. During the meet-and-confer, X1's counsel indicated X1 would make a representative available for a deposition in this litigation only if Plaintiff would 1) agree that the deposition would satisfy X1's deposition obligation in Plaintiff's and X1's pending arbitration, and 2) limit the deposition to 3.5 hours and to three general categories of topics. *Id.* Plaintiff rejected these proposed limitations. *Id.* ¶ 9.

On April 8, 2024, X1 filed this motion, requesting that the Court issue an order quashing the Deposition Subpoena. Mot. at 2. In the alternative, X1 asks the Court to issue a protective order prohibiting the deposition until Plaintiff seeks the information sought in the Deposition Subpoena from other sources, limiting the topics and duration of the deposition, and confirming that compliance with the deposition subpoena will satisfy X1's discovery obligations in Plaintiff's pending arbitration with X1. ECF No. 44.[1]

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors

---

[1] In this motion, X1 does not seek relief as to the Document Subpoena.

4

1  bearing on proportionality before propounding discovery requests, issuing responses and
2  objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016
3  WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at
4  *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a
5  "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor
6  their efforts to the needs of th[e] case"). A court must also limit discovery if it is unreasonably
7  duplicative, or if it can be obtained from a source that is more convenient or less burdensome.
8  Fed. R. Civ. P. 26(b)(2)(C).

9      A party responsible for issuing a subpoena must take reasonable steps to avoid imposing
10 undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The court
11 is required to enforce this duty. *Id.*; *High Tech Medical Instrumentation, Inc. v. New Image*
12 *Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). On timely motion, a court must quash or modify
13 a subpoena that, *inter alia,* "fails to allow a reasonable time to comply," "requires a person to
14 comply beyond the geographical limits specified in Rule 45(c)," "requires disclosure of privileged
15 or other protected matter, if no exception or waiver applies," or "subjects a person to undue
16 burden." Fed. R. Civ. P. 45(d)(3)(A)(i–iv). "On a motion to quash a subpoena, the moving party
17 has the burden of persuasion under Rule 45[(d)](3), but the party issuing the subpoena must
18 demonstrate that the discovery sought is relevant." *Ow v. United States*, No. 17-0733-SK, 2018
19 WL 6267839, at *1 (quoting *Chevron Corp. v. Donziger*, No. 12-mc-80237, 2013 WL 4536808, at
20 *4 (N.D. Cal. Aug. 22, 2013)).

## IV.    DISCUSSION

**A.    Motion to Quash Deposition Subpoena**

    **1.    The Deposition Subpoena Does Not Impose an Undue Burden on X1**

24     X1 argues the Deposition Subpoena must be quashed because it subjects X1 to an undue
25 burden and violates both the Stay Order and Arbitration Scheduling Order. X1 contends that by
26 serving X1 with the Deposition Subpoena, Plaintiff attempts to circumvent the limits on discovery
27 imposed by the arbitrator in Plaintiff's pending arbitration with X1, and in doing so places an
28 undue burden on X1. Mot. at 9. But the Deposition Subpoena is for third-party discovery of X1

5

in Plaintiff's litigation against Equifax. The Stay Order, which applies to Plaintiff's claims against X1, states that it "does not apply to or affect Plaintiff's claims against other defendants named in the above-captioned action." Stay Order at 2 ¶ 8. X1 does not dispute that Plaintiff's claims against Equifax have not been submitted for arbitration.

X1 offers no authority to support its contention that an order to arbitrate claims against one defendant can limit the discovery allowed in a federal court action against another defendant, and the limited case law on this point suggests it cannot. *See Ockerman v. Anschutz Ent. Grp., Inc.*, No. 11-cv-9422-SS, 2012 WL 12878306, at *2 (C.D. Cal. June 7, 2012) (stay of proceedings pending arbitration between third-party plaintiffs and third-party defendant would "not [a]ffect [third-party defendant's] obligation to respond as a non-party witness in the underlying suit . . . should such discovery be served."); *Peck Ormsby Const. Co. v. City of Rigby*, No. 1:10-cv-545-WBS, 2012 WL 914915, at *5 (D. Idaho Mar. 15, 2012) (finding that regardless of whether claims against defendant were subject to arbitration, defendant's employees would "still be subject to subpoena for depositions related to the claims between" another defendant and the plaintiff, because defendant's actions were "fundamental to [that] dispute"). X1 contends *Ockerman* is inapplicable because it concerned a motion to dismiss, rather than a motion to quash, and there was no briefing regarding the discovery that would have been allowed under the applicable arbitration rules. Reply at 4. But *Ockerman* is explicit that "the stay of proceedings *will not limit* the ability of the parties in the underlying Complaint . . . to seek discovery from [third-party defendant] as a non-party witness to the extent that [it] has information relevant to that suit." *Ockerman*, 2012 WL 12878306, at *2 (emphasis added). Whatever limits on discovery an arbitrator may impose in the arbitration, they do not affect any party's ability to seek third-party discovery in a pending lawsuit. Thus the pertinent question for the Court is whether the Deposition Subpoena constitutes permissible third-party discovery in Plaintiff's litigation against Equifax.

The Court finds the Deposition Subpoena constitutes permissible third-party discovery. As X1 states, "[e]ach and every claim [of Plaintiff's complaint against Equifax and X1] related to charges made to his X1 credit card account . . . and the related investigation and subsequent denial

6

1    of Plaintiff's dispute of those charges." Mot. at 3.  Thus, if Plaintiff had sued Equifax alone and
2    had no pending claims against X1 in any forum, there is no question Plaintiff could serve third-
3    party discovery on X1.  Plaintiff's arbitration with X1 does not impose any limits on the third-
4    party discovery Plaintiff may seek in its litigation against Equifax, and X1 offers no other
5    explanation as to why the Deposition Subpoena imposes an undue burden.  Accordingly, the Court
6    finds the Deposition Subpoena does not impose an undue burden on X1.

### 2. Necessity of Subpoena at this Time

X1 contends the Court should quash the Deposition Subpoena because Plaintiff cannot show that it needs to depose X1 "at this time," pointing to the continuance to July 2024 of certain deadlines in this litigation.  Mot. at 10.  Although the "Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts," *Athalonz, LLC v. Under Armour, Inc.*, No. 23-mc-80324-LJC, 2024 WL 628846, at *5 (N.D. Cal. Feb. 14, 2024) (internal quotations omitted), the Federal Rules do not require parties to prove necessity before seeking third party discovery.  Rather, "[t]he scope of discovery under Rule 45 is the same as under Rule 26(b)."  *Id.* (quoting *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA-JSC, 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017)).  Rule 26 allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Accordingly, Plaintiff's purported inability to show that he must depose an X1 witness now and not in July, or that he *must* depose X1 at all, bears no weight on whether the Court should quash the Deposition Subpoena.

The Court finds the Deposition Subpoena does not impose an undue burden on X1 and that Plaintiff need not prove necessity to seek this discovery.  Accordingly, the Court denies X1's motion to quash.

### B. Modifying Deposition Subpoena

X1 asks this Court to issue an order 1) prohibiting the deposition from proceeding unless and until Plaintiff seeks the information sought in the deposition subpoena from other sources and 2) modifying the deposition subpoena to conform with the limits imposed by the arbitrator in the Arbitration Scheduling Order.  Mot. at 11–13.  These limits include limiting the deposition to 3.5

7

hours and limiting the topics about which X1's witness may be deposed to three general categories, including (1) X1's communication with Plaintiff, (2) all communications with credit reporting agencies related to Plaintiff's dispute and (3) X1's internal investigation of Plaintiff's dispute. Mot. at 11.

### 1. X1's Request to Require Plaintiff to Seek Information Sought in the Deposition Subpoena from Other Sources

X1 contends that many of the topics for deposition set forth in the Deposition Subpoena ("Deposition Topics") concern information that is already in Plaintiff's custody or control or that Plaintiff could obtain from other sources. Mot. at 1, 12. " 'In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.' " *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, *4 (N.D. Cal. Dec. 30, 2019) (quoting *Soto v. Castlerock Framing & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases)). "Further, 'when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.' " *Id.* (quoting *Soto*, 282 F.R.D. at 505).

Here, X1's motion concerns a subpoena to testify at a deposition, rather than to produce documents. The parties in this case, Plaintiff and Equifax, cannot reasonably be expected to have the same information as X1 regarding each of the subpoena topics. *See Athalonz*, 2024 WL 628846, at *7 ("As a general rule, parties must pursue discovery from other parties before issuing subpoenas to non-parties, at least where a party could reasonably be expected to have the same information."). Most of the deposition topics are about documents, and the unstated and unexplained premise of X1's argument seems to be that the deposition testimony of the sender and recipient of the same document is the "same information." For example, X1 cites topic 3.b ("All documents relating to X1 Inc.'s communications with Plaintiff") as a topic that is already known to Plaintiff. As another example, X1 cites topic 6 ("All documents relating to X1 Inc.'s communications with Equifax") as a topic where Plaintiff should be required to seek information from Equifax first. If this were a document subpoena, that would be a logical argument, but for a deposition subpoena, it is not. There is no reason to think that the testimony of the sender and

8

recipient of a document are substitutes for each other. For example, the recipient can testify about what it understood the document to mean and what it did in response, but it cannot likely testify about the sender's intent or the investigation that led to the sending of the document.

Accordingly, the Court denies X1's request to prohibit Plaintiff from deposing any X1 witness until Plaintiff has sought the information from other sources.

### 2. X1's Request to Limit the Duration and Topics of the Deposition

As discussed above, the Court finds that limitations on discovery imposed in the arbitration between Plaintiff and X1 do not affect Plaintiff's ability to seek third-party discovery under the Federal Rules of Civil Procedure in Plaintiff's ongoing litigation against Equifax. The reasonableness of limitations imposed by the arbitrator in the arbitration thus has no bearing on the discovery available under the Federal Rules for Plaintiff's claims against Equifax. Accordingly, the Court denies X1's request to modify the Deposition Subpoena to conform to the limitations on discovery set forth in the Arbitration Scheduling Order.

X1 contends that "some of the topics have nothing to do with any possible claim against Equifax," including Deposition Topic Nos. 2–4, 7, 10–11, 12, 13–14, 17 and 19. Reply at 6. The Court mostly disagrees. Plaintiff and X1 agree that Plaintiff's claims against Equifax are based on charges made to Plaintiff's X1 credit card and to X1's denial of Plaintiff's dispute of those charges. Mot. at 3; Opp'n at 13. Plaintiff's alleges, inter alia, that Equifax failed to report accurate information on Plaintiff's X1 account, "willfully" reported "inaccurate and/or misleading account information," and "failed to follow reasonable procedures" to ensure the accuracy of Plaintiff's credit report. Compl. ¶¶ 225–31, 298–99, 303, 305. Plaintiff further alleges that "[t]hroughout all of Plaintiff's calls, emails, and letters with X1 Plaintiff disputed the Charges, the total balance, and the minimum payment amounts demanded by X1." Compl. ¶ 258. Thus, the disputed charges themselves and X1's reporting to Equifax regarding Plaintiff's account and the disputed charges are relevant to Plaintiff's claims that Equifax failed to report accurate account information on Plaintiff's X1 account. The Court likewise finds that deposition testimony regarding the documents X1 produced to Plaintiff; calls with Plaintiff regarding the disputed charges; training, policies and procedures regarding credit reporting; and persons that investigated

9

1   Plaintiff's claims is relevant to Plaintiff's claims against Equifax.

2   However, the Court finds some of the topics for deposition enumerated in the Deposition Subpoena are overly broad and disproportional to the needs of the case on their face. The Court finds that Deposition Topic Nos. 6 ("All documents relating to X1 Inc.'s communications with Equifax"), 7 ("All documents relating to X1 Inc.'s communications with any credit bureau"), and 10 ("Any and all correspondence, communication, or contact between X1 Inc. and Equifax") are overbroad on their face. None of these topics are limited to communications, correspondence, or contact regarding Plaintiff's X1 account, nor to the time frame of events that gave rise to Plaintiff's complaint against Equifax. Certain other Deposition Topics also reach information beyond that related to Plaintiff's claims or to Equifax's defenses in the litigation. These include Deposition Topic Nos. 5, 8, 9, 11, and 14, none of which include any limitations on the time frame or subject matter. It is not clear, for instance, why a representative of X1 should prepare to discuss correspondence with Plaintiff that predates the events that give rise to Plaintiff's complaint. *See* Deposition Topic No. 5 ("Any and all correspondence sent to Plaintiff by X1 Inc."). Accordingly, the Court orders Plaintiff and X1 to meet and confer regarding the application of this order to the deposition topics. If the parties are not able to reach an agreement, they must file a joint discovery letter brief within seven days of the date of this order.

### C. Satisfaction of Deposition Obligation in Arbitration Proceeding

Finally, X1 asks the Court to order that any witness produced by X1 in response to the deposition subpoena shall satisfy X1's deposition obligation under the Arbitration Scheduling Order. The parties should direct any such request to the arbitrator, who may have the authority to do so, rather than the Court. *See* Arbitration Scheduling Order at 2 ("The Arbitrator has authority to resolve any disputes between the Parties [to the arbitration] about exchanging information."). Accordingly, the Court denies this request.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** X1's motion to quash. The Court **ORDERS** Plaintiff and X1 to meet and confer regarding the application of this order to the deposition topics. If the parties are not able to reach an agreement, they shall file a joint discovery

letter brief within seven days of the date of this order pursuant to this Court's Discovery Standing Order.

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge